FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 18, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NUMA BOBADILLA ON BEHALF OF A.G. (MINOR), | No. 4:25-CV-05036-SAB |
| Plaintiff, | |
| v. | **ORDER REVERSING DECISION** |
| COMMISSIONER OF SOCIAL SECURITY, | **OF THE COMMISSIONER** |
| Defendant. | |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying the application for social security benefits on behalf of her minor child. Plaintiff is represented by Chad L. Hatfield. The Commissioner is represented by L. Jamala Edwards and Joseph P. Derrig. Pending before the Court are Plaintiff's Opening Brief, ECF No. 9, the Commissioner's Brief, ECF No. 17, and Plaintiff's Reply Brief, ECF No. 21.

After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

//

**ORDER REVERSING DECISION OF COMMISISONER ~ 1**

## BACKGROUND

On February 27, 2020, Plaintiff filed an application for S.S.I. on behalf of her minor child, A.G., with an alleged disability onset date of January 1, 2017. The claim was initially denied as well as denied on reconsideration. A hearing was held and the ALJ found A.G. was not disabled. The Appeals Council remanded.

Upon remand, a second hearing was held on December 7, 2023. A.G. was now 18 and appeared on her own behalf. A.G. was represented by Chad Hatfield. Thomas Polsin, vocational expert, also participated. The ALJ found A.G. had not been disabled since February 27, 2020, the date the application was filed, thus denying the claim for both child and adult benefits. The Appeals Council denied a request for review.

Plaintiff filed a timely appeal to the United States District Court for the Eastern District of Washington on March 24, 2025. ECF No. 1. This matter is before this Court under 42 U.S.C. § 1383(c)(3).

## SEQUENTIAL EVALUATION PROCESS

### A. Child Disability – Three-step Sequential Evaluation Process

To qualify for disability benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Social Security Administration has enacted a three-step analysis to determine whether a child is eligible for SSI benefits because of a disability. 20 C.F.R. § 416.924(a). First, the ALJ considers whether the child is engaged in "substantial gainful activity." *Id*., at § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id*. at § 416.924(c). Third, if the ALJ finds a severe impairment, he or she must then consider whether the

**ORDER REVERSING DECISION OF COMMISISONER** ~ 2

impairment "medically equals" or "functionally equals" a disability listed in the regulatory "Listing of Impairments." *Id.* at § 416.924(c)(d). At this step, if the impairment does not meet the duration requirement (a continuous period not less than twelve months), or does not meet or medically equal, or functionally equal any of the listing impairments, then the child is not disabled. *Id.*

To meet or medically equal a listing, the child's severe impairment has to meet or medically equal the severity of a set of criteria for an impairment in the listings. *Id.* Even if an impairment does not meet or medically equal a listing, the claimant may be disabled if his or her impairment is functionally equivalent to a listed impairment. *Id.* Functional equivalence is measured by assessing the claimant's abilities in six functional domains, which are "broad areas of functioning intended to capture all of what a child can or cannot do." *Id.* The functional Domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself, and (6) his/her general health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i-vi). An impairment is functionally equivalent to a listed impairment if it results in extreme limitations in one functional Domain or marked limitations in two functional Domains. 20 C.F.R. § 416.926a(d). An "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3). An impairment is a "marked limitation" if it "seriously interferes with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2).

In making this assessment, the ALJ must compare how appropriately, effectively, and independently the child preforms activities compared to the performance of children of the same age who do not have impairments. 20 C.F.R. § 416.926a(d).

//

**ORDER REVERSING DECISION OF COMMISISONER** ~ 3

### B.  Adult Disability – Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude

**ORDER REVERSING DECISION OF COMMISISONER** ~ 4

substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. Therefore, only the most relevant facts are summarized here.

**ORDER REVERSING DECISION OF COMMISISONER ~ 5**

A.G. was diagnosed with ADHD, anxiety disorder, depressive disorder and specific learning disorders. School records show that A.G. received special education services in reading, writing, math, and social skills, with scores below the 10th percentile in all academic areas except decoding composite, and most scores ranging from below the first percentile to the fifth percentile. While in school, A.G. would miss class or leave early due to anxiety. Sometimes she would cover her windows so it was completely dark in her room so she could sleep and avoid doing anything. A.G. lives at home and she needs assistance from her mother to care for her daughter, who was born when A.G was 15.

At the 2021 hearing, Plaintiff testified that A.G. experiences severe depression, will stay in her room for days, and will not perform self-care, attend online schooling, or care for her child when experiencing severe symptoms.

At the 2023 hearing, A.G. testified that she finished high school through online classes, and has continued her education through online classes at the community college. She has difficulty participating on Zoom, because she freezes up, cannot talk, her heart races so she ends up turning the camera off. She receives accommodation for taking extra time and breaaks for tests. Some days, she struggles to leave home and will cancel her appointments. She testified that she does not drive because she experiences panic attacks. She never leaves the house by herself. If she does go out, she can only go to one place at a time and then needs to go home. She feels drained because of the social interaction. After her panic attacks, she experiences headaches for which she takes medication and then she must lie down for an hour or two. Her mom gives her reminders to take her medication, and her mom tracks her medical appointments.

## THE ALJ'S FINDINGS

**At step one**, the ALJ found A.G. had not engaged in "substantial gainful activity" since the application date of February 27, 2020. AR 34.

**At step two**, the ALJ found A.G. had the following severe impairments:

**ORDER REVERSING DECISION OF COMMISISONER ~ 6**

attention deficit hyperactivity disorder (ADHD), anxiety disorder, depressive disorder, and specific learning disorders. AR 34. The ALJ noted there were allegations of autism spectrum disorder and fetal alcohol syndrome, but concluded these conditions were not established by objective medical evidence.

**At step three**, the ALJ found prior to attaining age 18, A.G.'s impairments, alone or in combination, did not meet or medically equal one of the listed impairments. AR 36. The ALJ found that prior to attaining age 18, A.G.'s impairments did not functionally equal the severity of the listings. AR 38. It found that since attaining age 18, A.G. did not have an impairment or combination of impairments that met or equaled a Listing. AR 45.

The ALJ found that since attaining age 18, A.G. has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: She is able to understand, remember and carry out simple, routine tasks; can maintain concentration, persistence and pace on simple, routine tasks for 2-hour intervals between regularly scheduled breaks; requires a predictable environment with no judgment or decision-making; no assembly line pace or similarly fast paced work; she can have occasional and superficial interaction (defined as non-collaborative/no teamwork) with coworkers, but no public interaction. She should deal with things instead of people; instructions should be demonstrated or oral, but not written; and mathematics should not be an essential function of the job. AR 47.

The ALJ found that A.G. had no past relevant work, but concluded there were other jobs that existed in significant numbers in the national economy that she could perform, including stable attendant; kitchen helper, and Cleaner, housekeeping. AR 49.

Consequently, the ALJ found that A.G was not disabled since February 27, 2020. AR 50.

//

**ORDER REVERSING DECISION OF COMMISISONER** ~ 7

## STANDARD OF REVIEW

The ALJ's determination is reviewed *de novo*, but deference is owed to any reasonable construction of applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ resolves any conflicts in the medical testimony and resolves any ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's decision will only be reversed if it is based on legal error, or it is not supported by substantial evidence in the record. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a scintilla," but less than a preponderance. *Andrews,* 53 F.3d at 1039. In other words, it is relevant evidence "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence supports more than one rationale interpretation, the Court must uphold the ALJ's determination should one of those interpretations support the ALJ's decision. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighting the evidence or making the determination. *Brawner v. Sec'y of Health & Human Servs.,* 839 F.2d 432, 433 (9th Cir. 1988). The ALJ's decision will be upheld if its decision is based on an inconsequential error, so long as the errors are immaterial to the ultimate assessment of disability. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006).

## ISSUES FOR REVIEW

(1) Whether the ALJ followed the order of the Appeals Council;

(2) Whether the ALJ properly relied on Dr. Andert's testimony;

(3) Whether the ALJ properly evaluated the opinions of Ms. Castro and Dr. Liebe

(4) Whether the ALJ properly evaluated Plaintiff's and A.G.'s testimony

(5) Whether the ALJ adequately conducted the step-five evaluation for adult

**ORDER REVERSING DECISION OF COMMISISONER ~ 8**

disability.

## DISCUSSION

Plaintiff asserts the ALJ erred in evaluating Listings 112.04, 112.06 and 112.11 as a child and Listings 12.04, 12.06, and 12.11 as an adult.

### a. Listings 112.04, 112.06 and 112.11[1]

At Step Three of a child disability assessment, the ALJ must determine if the child's severe impairment meets, medically equals, or functionally equals the listings. 20 C.F.R. § 416.924. To meet or medically equal a listing, the child must meet or medically equal the severity of a set of criteria for an impairment in the listings. *Id.* A claimant must present symptoms, signs or laboratory findings "at least equal in severity and duration" to the listed impairment." 20 C.F.R §§404.1525(c)(3), 416.925(c)(3). To qualify for benefits by showing a combination or impairments is equivalent to a listed impairment, the claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed

---

[1] Listing 112.04 requires medical documentation for: Depressive disorder, Bipolar disorder, or Disruptive mood dysregulation disorder; and Extreme (1x) or marked limitation (2x) in the following areas of mental functioning: 1. Understanding, remembering or applying information, 2. Interacting with others, 3. Concentration, persistence, and maintaining pace, and 4. Adapting or managing oneself. Listing 112.06 requires medical documentation for Anxiety disorder, Panic Disorder or agoraphobia, obsessive-compulsive disorder, or excessive fear or anxiety concerning separation from those to whom you are attached and the limitations in areas of mental functioning set forth above. Listing 112.11 requires medical documentation of frequent distractibility, difficulty sustaining attention and difficulty organizing tasks or hyperactive and impulsive behavior; significant difficulties learning and using academic skills; or recurrent motor movement or vocalization, and the limitations in areas of mental functioning set forth above.

**ORDER REVERSING DECISION OF COMMISISONER ~ 9**

impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original).

If the ALJ determines the child does not meet or medically equal a listing, it must determine if the child functionally equals a listed impairment. An impairment is functionally equivalent to a listed impairment if it results in extreme limitations in one of the six functional domains or marked limitations in two of the six functional domains. 20 C.F.R. § 416.926a(d). The functional domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself, and (6) his/her general health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i-vi).

An "extreme limitation" is defined as a limitation that "interferes very seriously with [a child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3). An impairment is a "marked limitation" if it "seriously interferes with [a child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). When looking into the functional domains of the child, the ALJ must assess the child within his or her age category in the context of other children in the same age range. 20 C.F.R. § 416.926a(d). This assessment is meant to evaluate the "whole child" and how he or she functions in all settings in order to determine how the child is limited. *Title XVI: Determining Childhood Disability Under the Functional Equivalence Rule-the "Whole Child" Approach*, (S.S.A. Feb. 17, 2009).

Plaintiff asserts that if Ms. Castro's and Dr. Liebe's opinions are properly considered, the ALJ should have found A.G.'s impairments functionally met the listings because these providers found A.G. had marked limitations in (1) acquiring and using information; (2) attending and completing tasks; and (3) interacting and relating to others. The Court agrees.

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding

**ORDER REVERSING DECISION OF COMMISISONER** ~ 10

from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability.

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

The ALJ found Dr. Liebe's opinions persuasive but failed to properly translate the assessed limitations to the Child Listings. In March 2022, Dr. Liebe noted A.G. had significant functional impairment from anxiety, which caused her to avoid her peers, not wanting to leave home, and social withdrawal. Dr. Liebe noted A.G. struggled with understanding auditory information, and difficulty with

**ORDER REVERSING DECISION OF COMMISISONER ~ 11**

auditory active working memory (keeping something in her memory, as she is doing something else), and motor sequential memory. Dr. Liebe concluded A.G. would need additional time to complete assignments and additional testing. The ALJ erred in failing to consider Dr. Liebe's opinion when determining whether A.G. met the Listings.

The ALJ erred once again in considering Ms. Castro's opinion.[2] The ALJ only briefly referenced it and neglected to evaluate whether it was consistent with Dr. Liebe's findings and the record evidence. Ms. Castro noted the following regarding A.G.'s social anxiety disorder: (1) she suffers marked fear or anxiety in many social situations in which she is exposed to possible scrutiny and observation by peers and adults, such as eating or drinking in front of others, having a conversation or asking for help with peers/adults, or meeting with unfamiliar people; (2) she has a fear that she will act in a way or show anxiety symptoms that will be negatively evaluated, resulting in humiliation, embarrassment, or rejection; (3) social situations almost always provoke fear or anxiety expressed by freezing, shrinking, failing to speak, or crying; (4) she avoids social situations or endures them with intense fear and anxiety; (5) the fear and anxiety she feels is out of proportion to the actual threat posed by the social situation/context; (6) her fear, anxiety, and avoidance have been present throughout her life; (7) her fear, anxiety, and avoidance cause clinically significant distress and impairment in social, family, and school settings; and (8) she should receive accommodations at school during each class period as needed, such as 5-minute breaks or the ability to go out

[2] The Appeals Council held the ALJ's previous hearing decision did not contain an adequate evaluation of Ms. Castro's opinion. It noted: [Ms. Castro's] opinion was was briefly referenced in the hearing decision…but was not evaluated pursuant to 20 CFR 416.920c. Ms. Castro's opinion appears arguably consistent with other opinion evidence from Dr. Liebe and Ms. Ramos."

**ORDER REVERSING DECISION OF COMMISISONER ~ 12**

early between classes to cope with fear, anxiety, and avoidance.

The ALJ found Ms. Castro's limitations excessive given that A.G. had the ability to complete her coursework, raise her child and use the cognitive behavior therapy tools she has learned in treatment with Ms. Castro. The ALJ's evaluation of Ms. Castro's limitations is not supported by the record.

If the ALJ properly credited these provider's opinions, it is clear A.G.'s impairments meet the Listings, or at the minimum, functionally meet the Listings. Thus, the ALJ erred in finding that A.G. was not disabled prior to age 18.

### b. Listings 12.04, 12.06, and 12.11

For the same reasons set forth above, the ALJ erred in finding that after attaining the age of 18, A.G. did not meet the Listings 12.04, 12.06, and 12.11.[3] The ALJ erred in discrediting A.G. testimony regarding her limitations, and as such, erred in finding that A.G.'s impairments did not meet the Listings.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

---

[3] These Listings are similar to Listings 112.04, 112.06, and 112.11.

**ORDER REVERSING DECISION OF COMMISISONER ~ 13**

The ALJ failed to provide specific, clear and convincing reasons for rejecting A.G.'s testimony. The record is consistent that A.G. experiences significant social anxiety, which would preclude full-time employment. She receives numerous accommodations to allow her to pursue her education—accommodations which would not allow full-time employment.

### Conclusion

The ALJ erred in rejecting the opinions of Dr. Liebe and Ms. Castrol and finding A.G. not credible. As such, substantial evidence does not support the ALJ's conclusions that A.G.'s impairments do not meet the Listings. If these opinions were given proper weight, it is clear the ALJ would be required to find A.G. disabled on remand. As such, there is no need to develop the record or convene further administrative proceedings and remand for an immediate award of benefits is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 9, is **GRANTED**.

2. For docket purposes, Defendant's Responsive Brief, ECF No. 17 is **DENIED**.

3. The Decision of the Commissioner is **REVERSED and REMANDED** for an immediate award of benefits.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel and **close** the file.

**DATED** this 18th day of March 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING DECISION OF COMMISISONER** ~ 14